Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
LISA CORSON

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CORSON,<br><br>Plaintiff,<br><br>v.<br><br>ATLAS REALTY ADVISORS, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **'24CV0431 RSH BLM**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Lisa Corson, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

1
**COMPLAINT**

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Lisa Corson ("Corson") is an individual and professional photographer by trade.

6. Defendant, Atlas Realty Advisors, Inc. ("Atlas" or "Defendant") is a California Limited Liability Company with a principal place of business in Agoura Hills, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the

complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Lisa Corson is a highly successful and acclaimed freelance photographer that previously worked as the photo editor for SPIN, New York Magazine, and the Wall Street Journal.

10. Corson creates and licenses her work for a fee to a variety of editorial and commercial clients. Corson's client list includes AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California.

11. Corson's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Corson's work deters would-be infringers from copying and profiting from her work without permission.

12. Lisa Corson is the sole author and exclusive rights holder to a photograph of the inside of a café, showing tables, a bar, and patrons, which is the subject of this suit ("Café Photo").

13. Attached hereto as Exhibit A is a true and correct copy of the Café Photo.

14. Lisa Corson registered Café Photo with the United States Copyright Office under Registration Number Vau 1-305-386 with an Effective Date of Registration of January 10, 2018.

15. According to its Website, Atlas is a realty company specializing in residential and commercial real estate transactions. *See generally* https://www.nexthome-atlasrealty.com ("Defendant's Website")

16. On information and belief, Defendant's Website generates content promoting Defendant(s) services, attract clients, and generate profit and revenue for the company and its owner(s).

17. On or about May 6, 2022, Lisa Corson discovered Café Photo copied and published on Defendant's Website in a post that highlights local businesses in order to better promote the properties Defendant manages ("Café Infringement").

18. Attached hereto as Exhibit B are true and correct screenshots of Defendant's Website showing Café Infringement.

19. Lisa Corson has never at any point granted Atlas a license or other permission to copy, display, distribute, or otherwise use the Café Photo in the Infringing Posts on Defendant's Website or elsewhere.

20. Atlas, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Café Photo to Defendant's Website without Lisa Corson' consent or authorization.

21. Soon after discovering the Café Infringement, Lisa Corson, through counsel, reached out to Defendant to have the Café Photo removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

22. Lisa Corson has never at any point given Atlas a license or other permission to display, copy, distribute or otherwise use the Café Photo in the Infringing Posts on Defendant's Website or on any other website or platform.

23. Atlas (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Café Photo to Defendant's Website without Lisa Corson' consent.

24. On information and belief, Defendant's use of the Café Photo was deliberate and willful because it knew or should have known that it did not purchase a license to use the Café Photo on Defendant's Website or in any other way.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

25. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Café Photo.

27. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Café Photo in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and

otherwise held out to the public for commercial benefit, the original and unique Café Photo of the Plaintiff without Plaintiff's consent or authority, by using them in the Infringing Posts and failing to remove the Café Photo when notified of the misuse.

28. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

31. Defendant(s)—including its employees, agents, contractors, or others over whom it has responsibility and control—copied and uploaded the Café Photo to Defendant's Website without Lisa Corson' consent or authorization.

32. Atlas (including its employees, agents, contractors, or others over whom it has responsibility and control) willfully uploaded the Café Photo onto Defendant's Website because Atlas knew it did not have permission to use the Café Photo.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Café Photo by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 5, 2024                                             Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Lisa Corson hereby demands a trial by jury in the above matter.

Dated: March 5, 2024                                  Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*